IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES,

Plaintiff, No. CR 08-0116 KJM

vs.

CHARLES HEAD, *et al.*,

Defendants.
_________________________________/

UNITED STATES,

Plaintiff, No. CR 08-0093 KJM

vs.

CHARLES HEAD, *et al.*,

Defendants.
_________________________________/

UNITED STATES,

Plaintiff, No. CR 05-0368 KJM

vs.

RICHARD JAMES PULLEY, JR.,

Defendant.
_________________________________/

UNITED STATES,

Plaintiff, No. CR 09-0407 KJM

vs.

MARIA DEL ROCIO ARCEO-RANGEL, *et al.*, ORDER

Defendants.

_______________________________/

Defendants in each of the above-captioned cases have moved to dismiss their indictments with prejudice based on violations of the Speedy Trial Act of 1974 ("STA" or "the Act"), and specifically the Act's requirement that trial commence within seventy days of return of the indictment or first appearance, not counting properly excluded time. 18 U.S.C. §§ 3161, *et seq*. The government opposes defendants' motions. The cases were consolidated for hearing at which James Greiner argued for defendants in the *Arceo-Rangel* and *Pulley* cases, and Scott Tedmon argued for the defendants in the *Head* cases, identified above. Assistant United States Attorneys Michael Anderson and Samuel Wong appeared for the government in all of the cases, with Todd Leras also appearing in the *Pulley* case. After careful consideration, for the reasons set forth below, defendants' motions are DENIED.

## I. INTRODUCTION

The underlying cases have been pending for between two and six years. During the pendency of each case, counsel for defendants and the government have requested continuances, at times based on the STA's discretionary time exclusions under 18 U.S.C. § 3161(h)(7) ("section (h)(7)") and at other times based on other exclusions under other subsections of 18 U.S.C. § 3161(h). The question presented to the court by defendants' pending motions is narrow: whether an "ends of justice" continuance under 18 U.S.C. § 3161(h)(7) is *per se* invalid if the presiding judge excludes time by using a shorthand reference to a statutory factor and general language explaining the reasons for exclusion, but does not otherwise recite

specific statutory language found in section (h)(7). If such an exclusion is invalid, then defendants argue the appropriate remedy is dismissal with prejudice.

## II. BACKGROUND ON SPEEDY TRIAL ACT AND THIS COURT'S LOCAL CODES

### A. The Speedy Trial Act

The STA mandates that a criminal defendant proceed to trial within seventy days of being charged or making an initial appearance, whichever occurs later. 18 U.S.C. § 3161(c). Mindful of the frequent impediments to trial commencing within the seventy day period and variations among cases, Congress set forth several mechanisms in the STA for excluding time from the seventy day period. *See* 18 U.S.C. § 3161(h); *Zedner v. United States*, 547 U.S. 489, 497 (2006) ("[T]he Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."). Specific, enumerated exclusions under section 3161(h)(1) are "automatic" and apply "without district court findings." *See United States v. Tinklenberg*, __U.S.__, 131 S.Ct. 2007, 2013 (2011); *Bloate v. United States*, 559 U.S. __, 130 S.Ct. 1345, 1353 (2010). These enumerated exclusions are triggered by, for example, delays resulting from trial on other charges, appeal, the filing of pretrial motions, and the court's consideration of a proposed plea agreement. *See generally* 18 U.S.C. § 3161(h)(1). Because these exclusions are automatic and do not require express findings, they can be applied in a post-hoc manner. *See United States v. Stubblefield*, 643 F.3d 291, 296 (D.C. Cir. 2011) (noting reviewing court could rely on an automatic exclusion not mentioned during trial court proceedings).

By contrast, discretionary exclusions under section 3161(h)(7) require the court to articulate on the record its reasons for finding a continuance is justified. *See* 18 U.S.C. § 3161(h)(7)(A) ("subsection (h)(7)(A)"). "Both the Act and its legislative history establish that no continuance period may be excluded [under § 3161(h)(7)] unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do,

/////

in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Revelez*, 715 F.2d 1348, 1352 (9th Cir. 1983). Specifically, the statute provides the following framework for granting an "ends of justice" continuance and the periods of time that may qualify for exclusion:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to

/////

/////

/////

> obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7).[1] Section 3161(h)(7) provides courts with necessary "flexibility in accommodating unusual, complex, and difficult cases"; however, in order to prevent the exception from consuming the STA's rule requiring speedy resolution of criminal proceedings, section 3161(h)(7) "counteract[s] substantive openendedness with procedural strictness" by requiring on the record findings justifying an exclusion. *Zedner*, 547 U.S. at 498-99. In sum, section 3161(h)(7) "permits a district court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. This provision gives the district court discretion -- within limits and subject to specific procedures -- to accommodate limited delays for case-specific needs." *Id.* at 489.

B. Local Codes

By General Order, the Eastern District of California has adopted local codes to be used as shorthand references to corresponding STA provisions. *See* General Order No. 479, In Re: Plan for Prompt Disposition of Criminal Cases Pursuant to Speedy Trial Act of 1974 last updated October 15, 2009. The General Order states, "[i]n order to facilitate the recording of excludable time on the record and in docket entries, the court has developed Excludable Delay Codes with arabic numerals corresponding to specific statutory provisions of 18 U.S.C. § 3161(h) to be used at the discretion of each judge." By way of example, local codes "T-2" and "T-4" correspond to sections 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), respectively. These codes

/////

---

[1] Prior to Congress's October 2008 amendment of the STA, the relevant portion under discussion appeared in 18 U.S.C. § 3161(h)(8). *See* Pub. L. No. 110-406, sec. 13, 122 Stat. 4291, 4294 (redesignating 18 U.S.C. § 3161(h)(8) as 18 U.S.C. § 3161(h)(7)). For the sake of clarity, all references in this order are to § 3161(h)(7).

typically are used by judges of this district as a shorthand form to identify a factor under subsection (h)(7)(B) that the judge has determined justifies an (h)(7) continuance.

III. DEFENDANTS' ARGUMENTS

Defendants contend 18 U.S.C. § 3161(h)(7) requires a two-step process whereby the presiding judge makes findings under subsection 3161(h)(7)(B) ("subsection (h)(7)(B)") and then explicitly states on the record that the "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" in accordance with subsection 3161(h)(7)(A).[2] Defendants rely primarily on the cases of *Bloate* and *Zedner*. The main thrust of their argument is that section 3161(h)(7) requires consideration of a particular legal standard, and that the only conceivable way for a judge to satisfy that standard is to recite the exact language of the statute so the record is clear the proper standard has been considered and applied.

While the defendants have joined in each others' motions, their respective counsel emphasize slightly different points. The opening briefs for each defendant are nearly identical on the dispositive point; the core arguments consist primarily of a quotation from *Zedner* and a recitation of the language of section 3161(h)(7). *See, e.g.*, Gutierrez-Valencia MTD at 14-15; Head 08-93 MTD at 12-13; Head 08-116 MTD at 11-12; Pulley MTD at 9-12. In their reply papers, all defendants are in agreement that specific "ends of justice" language must be recorded in order for a continuance to be valid. Defendants assert that "express requirements" call for a

---

[2] *See generally*, Def. Gutierrez-Valencia's Am. Mot. to Dismiss at 14-15, *United States v. Maria Del Rocio Arceo-Rangel, et al.*, No. 09-407-KJM (E.D. Cal. Aug. 11, 2011), ECF No. 143 ("Gutierrez-Valencia MTD"); Def. Head's Mot. to Dismiss at 12-13, *United States v. Charles Head*, *et al.*, No. 08-93-KJM (E.D. Cal. Aug. 4, 2011), ECF No. 489 ("Head 08-93 MTD"); Def. McCarns' Mot. to Dismiss at 19-21, *United States v. Charles Head*, *et al.*, No. 08-93-KJM (E.D. Cal. Aug. 4, 2011), ECF No. 489; Def. Head's Mot. to Dismiss at 10-11, *United States v. Charles Head*, *et al.*, No. 08-116-KJM (E.D. Cal. Aug. 4, 2011), ECF No. 239 ("Head 08-116 MTD"); Def. McCarns' Mot. to Dismiss at 11-12, *United States v. Charles Head*, *et al.*, No. 08-116-KJM (E.D. Cal. Aug. 4, 2011), ECF No. 240; Def.'s Mot. to Dismiss at 9-12, *United States v. Richard Pulley*, No. 05-368-KJM (E.D. Cal. Aug. 4, 2011), ECF No. 88 ("Pulley MTD").

recitation on the record of the legal standard contained in subsection 3161(h)(7)(A). *See* Def. Head's Reply at 3, *United States v. Charles Head*, *et al.*, No. 08-116-KJM (E.D. Cal. Sept. 22, 2011), ECF No. 258 ("In reviewing the four corners of the transcript, at no time did [the presiding judge] make a finding on the record that in granting this continuance, the ends of justice outweigh the right of the public and the defendants in a speedy trial, thereby failing to engage in the ends of justice balancing test required by 18 U.S.C. § 3161(h)(7)(A)."); *id.* at 6-7 (arguing that the court's adoption of the parties' stipulation that time be excluded under a local code where the judge signed the order under the language 'good cause appearing' is inadequate under the Act).

In addition, the defendants represented by Mr. Greiner contend that reference to a local code fails to adequately record a judge's finding of the relevant factor considered under subsection 3161(h)(7)(B), separate and apart from whether the "ends of justice" language is made on the record. According to these defendants, because the reference made by the judge is simply to a local code that means nothing to a reader of the transcript, the findings are inadequate. *See, e.g.,* Def. Pulley's Reply at 15, 21, *United States v. Richard Pulley*, No. 05-368-KJM (E.D. Cal. Oct. 26, 2011), ECF No. 119 ("The T-4 by the government does not aid the reader of the record as to any compliance with the Speedy Trial Act."); Def. Gutierrez-Valencia's Reply at 20, *United States v. Maria Del Rocio Arceo-Rangel, et al.*, No. 09-407-KJM (E.D. Cal. Oct. 26, 2011), ECF No. 208 ("the Magistrate Court used the all too familiar, yet legally insufficient use of 'T2 and T4 exclusion' that made the record, yet the record to any reader is silent as to what, if anything, a 'T2 and T4 exclusion' is."); *see also* Def. McCarns' Reply at 2-3 n.2, *United States v. Charles Head, et al.*, No. 08-93-KJM (E.D. Cal. Sept. 22, 2011), ECF No. 519. On this point, defendants do not provide any controlling authority for the view that the perspective a court must consider is that of a third-party reader. Nothing in the statute provides for the making of findings that meet an uninformed third-party test. The court finds this particular argument unavailing, without a need for further analysis.

In response to defendants' arguments, government counsel take the position that the defense is elevating form over substance, and that the record on the challenged exclusions is sufficient.[3]

IV. ANALYSIS

Defendants carry the burden of proving a STA violation. *See* 18 U.S.C. § 3162(a)(2); *see also United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008) (paraphrasing 18 U.S.C. § 1362(a)(2)). "If the defendant carries this burden, the indictment 'shall be dismissed,' and the district court must then consider whether to dismiss the case with or without prejudice." *Id.* at 980-81.

As explained below, the court finds defendants have not met their burden. In particular, their position is at odds with the language of the STA, which requires the court to make a record of "its *reasons* for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added); *cf. Bloate*, 130 S.Ct. at 1354 (noting that ignoring "the structure and grammar" of a statute "would violate settled principles of statutory construction"). Defendants' interpretation would read the words "its reasons for" out of the statute and place undue emphasis on the court's reciting the rest of the language contained in subsection (h)(7)(A) after indicating a basis for findings to support an exclusion of time. Defendants' position also is not consistent with the Supreme Court's decisions in *Bloate* and

/////

---

[3] Alternately, the government argues the record can be supplemented to cure any error before this court formally resolves the motions to dismiss. The court notes that other judges have declined the government's invitation to supplement their records. *See United States v. Maria Del Rocio Arceo-Rangel, et al.*, No. 09-407-KJM (E.D. Cal.) ECF Nos. 223, 226 (Orders by District Judge Frank C. Damrell, Jr. and Magistrate Judge Dale Drozd, respectively, denying plaintiff's motions to supplement the record); *United States v. Charles Head, et al.*, No. 08-093-KJM (E.D. Cal.), ECF No. 550 (same by Judge Damrell); *United States v. Charles Head, et al.*, No. 08-116-KJM (E.D. Cal.), ECF No. 275 (same). This court also declines to supplement the record of prior proceedings over which it presided, finding supplementation unwarranted, even if the government's request in this respect were timely.

*Zedner*, when those decisions are read closely. Additionally, it is inconsistent with Ninth Circuit case law, and authority from other circuits.

A. Statutory Language

The first sentence of subsection (h)(7)(A) provides that a court may toll the speedy trial clock for

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Nothing in this first sentence requires a finding that assumes a specific form. Rather the sentence provides only that certain findings provide the basis for granting an "ends of justice" continuance. *Cf. United States v. Carpenter*, 542 F. Supp. 2d 183, 184 (D. Mass. 2008) (noting "ends of justice" finding was "implicit" in granting the continuance and court subsequently made reasoning explicit at hearing on motion to dismiss). The second sentence of subsection (h)(7)(A) demonstrates how Congress makes clear when it is requiring the creation of an explicit record:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). On its face, this sentence does expressly require the creation of a stated or written record that makes clear the reasons for an ends of justice exclusion. *See United States v. Bryant*, 523 F.3d 349, 360 (D.C. Cir. 2008) ("*Zedner* makes it plain that 'implicit' findings are insufficient to invoke the section 3161(h)([7])(A) exclusion. The *Zedner* Court held that before a judge could toll the speedy trial clock under section 3161(h)([7])(A), the judge had to make 'express findings' about *why* the ends of justice were served by a continuance . . . .")

(emphasis added). Read in conjunction, the two sentences of subsection (h)(7)(A) require a court to state the reasons a continuance is being granted, but do not require a recitation of any particular statutory language. *Cf. United States v. Solorzano-Rivera*, 368 F.3d 1073, 1078 (9th Cir. 2004) (adopting the "plain meaning" of section 3161(h)(1)(I)); *Zedner*, 547 U.S. at 508 (adopting the "straightforward reading" of (h)(7)).

B. Supreme Court Cases

The case law interpreting section 3161(h)(7) is not contrary to this reading of the statute, and does not otherwise require a rote repetition of the statute's text. The two recent Supreme Court opinions on which defendants rely address section 3161(h)(7) only indirectly. In *Zedner* and *Bloate*, the district courts relied on their understanding that certain time would be excluded on grounds other than (h)(7). In *Zedner,* the defendant executed a general waiver of his rights under the Act, and in *Bloate* the court presumed preparation time for pretrial motions was automatically excluded under section 3161(h)(1) and therefore did not make a record of reasons for finding the preparation time excluded under section 3161(h)(7).

1. *Zedner*

Specifically, in *Zedner*, the Court examined whether a defendant could prospectively waive application of the STA and if not, whether the lower court's later passing reference to complexity without any particularized findings could retrospectively support a continuance under section 3161(h)(7). 547 U.S. at 492-93. The defendant in *Zedner*, an amateur counterfeiter, was indicted in the Spring of 2006. After two brief initial continuances, the defendant asked for a three month continuance. *Id*. at 493. This request prompted the presiding judge to require the defendant to prospectively waive his rights under the STA by signing a prepared form. *Id*. at 494-95. The lower court reasoned that because section 3162(a)(2) allows a defendant to waive the STA's protections through inaction by failing to timely raise a motion to dismiss, a defendant could by extension also affirmatively waive the Act going forward. *Id*. at 503. At the next status conference at the end of the three months, the defendant requested

another continuance. The court, satisfied that the defendant had previously waived his rights under the STA, continued the case another three months, without reference to the STA and without making any findings supporting an exclusion. *Id.* at 495. After several more years of proceedings, the defendant moved to dismiss based on violation of the STA. In the interim, the court had never addressed whether the Act required formal exclusions of time, believing the defendant's waiver valid. *Id.* at 495-96. The district court denied the motion based on defendant's prior waiver of rights, and in doing so made a passing reference to the case as complex. *Id.* at 496.

The Court in *Zedner* held a defendant cannot single-handedly waive the STA's requirements because the protected rights are held by both the public and the defendant. *Id.* at 500-01. Rather, each exclusion of speedy trial time requires a proper exclusion of time under section 3161(h). The Court held that the first three-month continuance failed to comply with the STA, because the district court had not addressed the specific requirements of the STA, instead treating the continuance as an exercise of its case management authority: "Nothing in the discussion at the conference suggests that the question presented by the defense continuance request was viewed as anything other than a case-management question that lay entirely within the scope of the District Court's discretion." 547 U.S. at 506. As a result, the Court found a violation of the STA and declined to further analyze any other continuances granted.

In addressing the district court's attempt to cover all the prior continuances with a passing reference to complexity when faced with the motion to dismiss, the Court rejected this approach:

> The Act requires that when a district court grants an ends-of-justice continuance, it must "se[t] forth, in the record of the case, either orally or in writing, its reasons" for finding that the ends of justice are served and they outweigh other interests. 18 U.S.C. § 3161(h)([7])(A). Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted ... on the basis of [the court's] findings"), the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case."

> However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2). . . . § 3161(h)([7])(A) is explicit that "[n]o ... period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable ... unless the court sets forth ... its reasons for [its] finding [s]." Thus, without on-the-record findings, there can be no exclusion under § 3161(h)([7]). Here, the District Court set forth no such findings at the January 31 status conference, and § 3161(h)([7])(A) is not satisfied by the District Court's passing reference to the case's complexity in its ruling on petitioner's motion to dismiss.

*Zedner*, 547 U.S. 507-08. In this passage the Court's focus, tracking the statutory language, is on the reasons for finding the ends of justice standard is satisfied. The Court does refer to "findings" in identifying what must be recorded for a valid continuance to obtain, while also quoting the statute's passage using the word "reasons." But to construe this language to derive a rigid requirement that a court recite exact language from section (h)(7) each time it finds reasons to grant an "ends of justice" continuance is at odds with the Court's focus on (h)(7)'s ability to adapt to "case-specific" needs. *Id.* at 499 (noting that (h)(7) gives courts needed flexibility under the STA to exclude time based on the specific circumstances of each case). Moreover, as noted above, the Court in *Zedner* ultimately said that a "straightforward reading" of section h(7)(A), in the context of a motion to dismiss under section 316(a)(2), "leads to the conclusion that if a judge fails to make the requisite findings *regarding the need* for an ends-of-justice continuance, the delay resulting from the continuance must be counted" against the speedy trial clock. *Id.* at 508 (emphasis added). And while the Court, as defendants stress, did note the strategy of section 3161(h)(7) "is to counteract substantive open-endedness with procedural strictness," it followed this observation with a statement emphasizing the need for some findings "on-the-record" that reflect the consideration of "certain factors." *Id.* at 509. The Court's conclusion conveys the need for some findings, as opposed to none, "in support of" a continuance under subsection (h)(7)(A). *Id.* (holding harmless-error review is inappropriate when district court makes no findings "in support" of an exclusion under (h)(7)). The lesson this court draws from *Zedner* is

not that exact words must be uttered every time, but rather that the facts presented in requesting a continuance must be considered and the court must articulate its reasons for granting an "ends of justice" exclusion of time on the record.

2. *Bloate*

In *Bloate*, the Supreme Court addressed "the narrow question [of] whether time granted to a party to prepare pretrial motions is automatically excludable from the Act's 70-day limit under subsection (h)(1), or whether such time may be excluded only if a court makes case-specific findings under subsection (h)(7)." 130 S.Ct at 1349. In *Bloate*, the defendant was indicted on federal weapons and drugs charges in August 2006. Pretrial motions were due by September 14, but the defendant moved to extend that date. On September 25, 2006, the defendant waived pretrial motions and on October 4, 2006, the district court found the defendant's waiver competent. When the defendant later moved to dismiss the indictment for a violation of the STA, the court excluded the time from September 7 to October 4 as time allocated to preparation of a pretrial motion under subsection 3161(h)(1)(D). *Id.* at 1350. *Bloate* held that motion preparation time is not automatically excluded under section (h)(1) and therefore requires case-specific findings under section 3161(h)(7). *Id.* at 1353-54. The Court did not address what procedures section (h)(7) requires because the record was not fully developed or argued in that respect. *Id.* at 1358. Accordingly, the case sheds little light on the precise issue presented by the pending motions in this case.

To the extent *Bloate* does discuss the requirements of section (h)(7), it does so in dicta not binding here. The decision does note that subsection (h)(7)(B) identifies "statutory factors that justify a continuance under subsection (h)(7)," and that a court can exclude a period of "delay only where the district court makes findings justifying the exclusion." *Id.* at 1356-57. In explaining that motion preparation time may be excluded under section (h)(7), the Court in *Bloate* notes "trial judges always have to devote time to assessing whether the reasons for the delay are justified, given both the statutory and constitutional requirement of speedy trials.

Placing these *reasons* in the record does not add an appreciable burden on these judges." *Id.* at 1357 (emphasis added). *Bloate* concludes by stating, "a district court may exclude preparation time under subsection (h)(7) if it grants a continuance for that purpose based on recorded findings 'that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Id.* at 1357-58. While the Court places the "ends of justice" language in quotes, without citation, a fair reading of this passage is that the quotes reflect a recognition that the language is a verbatim transcription of the statute. The Court goes on to characterize subsection (h)(7) as providing "much of the Act's flexibility," giving "district courts 'discretion - within limits and subject to specific procedures . . .'." *Id.* at 1358 (quoting *Zedner*, 547 U.S. at 498-99). Taking all of the foregoing in context, it reads too much into *Bloate* to construe it as requiring that a district court intone particular language.[4] Rather, read in context, the message of this portion of *Bloate* -- although far from a holding -- is that recording the reasons for exclusions of time are paramount.

In sum, nothing in *Zedner* or *Bloate* requires a district court's transformation into an automaton in order to imbue an exclusion of time with validity under the STA.

C. Circuit Authority

1. Ninth Circuit Case Law

Ninth Circuit precedent addresses the procedural requirements of section (h)(7) more directly, in the context of the questions raised by the defense: "A district court must satisfy

---

[4] While Justice Alito's dissent includes a line objecting that the requirement that a judge "recite this determination [the ends of justice will be served by an extension] on the record will often be an empty exercise," *Bloate*, 130 S.Ct. at 1365 (Alito, J., dissenting), he makes this observation in the context of importing the "ends of justice" requirement into defense-initiated continuance requests that are properly supported by separate sections of the Act. This dissenting complaint is not properly read as responding to any majority holding requiring that precise statutory text be parroted every time an (h)(7)(A) exclusion is made. Rather, Justice Alito observes "[v]iewed in their proper context, subsection (h)(1) and its subparagraphs carve out exceptions to the general rule of § 3161(h)(7)(A) requiring ends-of-justice findings for continuances"; therefore, in his view, requiring an ends of justice finding for the continuance contested in the *Bloate* case would be an "empty exercise," as unnecessary. *Id.*

two requirements when it grants an 'ends of justice' continuance under section 3161(h)(7): '(1) the continuance must be specifically limited in time; and (2) it must be justified on the record with reference to the facts as of the time the delay is ordered.'" *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)). In granting a section (h)(7) continuance, the court must "conduct an appropriate inquiry to determine whether the various parties actually want and need a continuance, how long a delay is actually required, what adjustments can be made with respect to the trial calendars or other plans of counsel, and whether granting the requested continuance would 'outweigh the best interest of the public and the defendants in a speedy trial.'" *Lloyd*, 125 F.3d at 1269 (quoting § 3161(h)(7)).

Defendants rely heavily on the Circuit's earlier decision in *Perez-Revelez* where a judge's cursory reference to a factor under 18 U.S.C. § 3161(h)(7), without any factual support in the record, was determined to be insufficient to uphold an "ends of justice" exclusion. In that case, the defendant noted his intention to call co-defendants as witnesses once their pleas were entered. 715 F.2d at 1349-50. The court granted a continuance without any mention of the Act. At the next status a month later, the defendant stressed his intention to assert his rights under the Act and said he wished to proceed to trial immediately. *Id.* at 1350. Because neither the government nor the court were prepared to go to trial, the trial was put over a month at which point the defendant moved for dismissal based on a speedy trial clock violation. The district judge denied the motion, having excluded the twenty-nine days after the initial status conference when the defendant noted he intended to call co-defendants as witnesses; in doing so, the court made a passing reference to the case being complex. *Id.* The Circuit Court determined the twenty-nine day period was not excludable because the district court merely concluded the case was complex without any factual basis: "the mere conclusion that the case is complex is insufficient. The statement gives no indication why the court considered the case complex, and the record suggests that findings could not have been made to support the conclusion." *Id.* at

1352. *Perez-Revelez* is distinguishable from the instant cases because defendants do not contest that the exclusions challenged lacked a factual basis.[5] Instead, defense counsel suggest that *Perez-Revelez* itself imposes a "particularity" requirement that the court make an explicit ends of justice finding that incorporates the statutory language. The particularity requirement in *Perez-Revelez*, however, refers to justifications for a continuance and not the conclusion that the ends of justice are served. *See id.* at 1352 ("no continuance period may be excluded unless the court makes *reasonably* explicit findings that *demonstrate* that the ends of justice served by granting the continuance do, *in fact*, outweigh the best interests of the public and the defendant in a speedy trial"(emphases added)); *id.* at 1352 ("As the legislative history of the Act makes clear, those *reasons* must be 'set forth with particularity.'"(emphasis added)). A requirement that a fixed phrase be automatically articulated is at odds with the exercise of thought and judgment required by the STA.

Defendants also suggest that *Perez-Revelez* mandates a two-step process, with the first step reflecting an express consideration of a factor under subsection (h)(7)(B) and the second step overtly tracking the language of subsection (h)(7)(A). *Perez-Revelez* does note two limitations on a court's granting a continuance under section (h)(7): first, Congress directs that certain factors be considered under subsection (h)(7)(B); and second, Congress has mandated that a court's justification for a continuance be made of record. *Id.* at 1351. This framework reenforces the statute's clear language, which requires only the reason for a continuance be made explicit. *Id.* ("The essential inquiry in this case is whether the trial court satisfied [the] requirement [for an explicit finding] by stating, either orally or in writing, its reasons for granting the August 24 continuance.").

In *United States v. Murillo*, 288 F.3d 1126, 1134 (9th Cir. 2002), the Circuit cautioned against over-reliance on *Perez-Revelez* by distinguishing it in favor of *United States v.*

---

[5] Defendant Pulley's argument that references to "T2" and "T4" are inadequate as a shorthand to capture the court's findings is addressed above. *See* pages 7-8 *supra*.

*Murray*, 771 F.2d 1324 (9th Cir.1985) (per curiam). In *Murray*, a district judge had granted an ends of justice continuance after hearing a lengthy justification by the Assistant United States Attorney and issuing an order that "found that the complexity of the case against Murray, the ongoing nature of the investigation, and the potential multiplicity of defendants supported the extension of time." As summarized by *Murillo*, "[t]his Court found that the reasons stated by the district court [in *Murray*] — and their degree of particularity — to be 'wholly in accordance' with the requirements of the ends of justice provision." 288 F.3d at 1134 (quoting *Murray*, 771 F.3d at 1328). In *Murillo*, the court noted that the facts of *Perez-Revelez* did not disclose simply an error with respect to satisfying a particularity standard; rather the trial court's stated reason in *Perez-Revelez* was unsupported by the record and referenced a factor that was not available, factually, under section (h)(7). *Murillo*, 288 F.3d at 1134; *Perez-Revelez*, 715 F.3d at 1152 ("The [court's reference to complexity] gives no indication why the court considered the case complex, and the record suggests that findings could not have been made to support the conclusion.").

Finally, in response to defendants' argument that exclusions of time based on the parties' agreement are invalid if the (h)(7)(A) language is missing from a stipulation, the Circuit has found that "[d]istrict courts may fulfill their Speedy Trial Act responsibilities by adopting stipulated factual findings which establish valid bases for Speedy Trial Act continuances." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1157 n.9 (9th Cir. 2000). Neither *Bloate* nor *Zedner* disturbed *Ramirez-Cortez*. *Ramirez-Cortez* also reenforces the importance of the presiding judge's making a particularized factual inquiry that supports finding a continuation is warranted. *Id.* at 1154 (rejecting an ends of justice continuance as inadequate where "a particularized inquiry as to the actual need and reasons for a continuance [was] not made, [and] the transcript reveal[ed] that the Magistrate Judge was granting blanket continuances"). *See also* *Medina*, 524 F.3d at 986 (9th Cir. 2008) (post-*Zedner* case upholding a continuance where "[t]he court's explanation document[ed] that it considered the factors in section 3161(h)([7])(B) and

determined that the continuance was merited based on two of the factors mentioned in section 3161(h)([7])(B)(iv)" - without any ends of justice language).

2. Other Circuits

Although the Ninth Circuit has not spoken directly on the ultimate issue raised by the defense motions here, other circuits have concluded, after *Zedner*, that particular language is not necessary for an ends of justice exclusion to be valid. *See, e.g., United States v. Williams*, 511 F.3d 1044, 1056 (10th Cir. 2007) ("[A] district court need not necessarily expressly conduct a balancing or use particular language, so long as the court gives some indication of balancing contemporaneous with the grant of the continuance, to which the later findings referred") (citation, quotation and alterations omitted); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (post-*Bloate* decision stating "[T]he Speedy Trial Act does not require the court 'to cite ... sections [of the Act] or to track the statutory language in a lengthy legal opinion,' but rather to make findings 'sufficiently specific to justify a continuance[ ] and comport with the purposes of the Act.") (quotations and citations omitted); *United States v. Whitfield*, 590 F.3d 325, 357 (5th Cir. 2009) ("Our decisions do not require that the phrase "ends of justice" always be used, so long as the district court offers an acceptable reason for granting the continuance on the record.").

V. <u>CONCLUSION</u>

Defendants' motions assume that for an exclusion of time under the Speedy Trial Act to be effective, a presiding judge must say out loud or put in print each time the following words: "the ends of justice served by excluding time outweigh the interests of the public and the defendant in a speedy trial." While recognizing the importance of finding legally justifiable reasons for excluding time and providing a record that makes those reasons comprehensible, this court finds that the constraints the defense would impose on judges are not supported by the

/////

/////

Speedy Trial Act, the Supreme Court, or the Ninth Circuit. The court need not reach the remainder of defendants' arguments. Defendants' motions to dismiss are DENIED.

IT IS SO ORDERED.

DATED: December 27, 2011.

UNITED STATES DISTRICT JUDGE