1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No.  2:09-cr-0407 KJM

12                    Plaintiff,

13              v.                                  ORDER

14    MARTIN GARCIA-CHAVEZ,

15                    Defendant.

16

17              Defendant Martin Garcia-Chavez, proceeding pro se[1], has filed a motion to reduce

18    his sentence based on 18 U.S.C. § 3582(c)(2).  ECF No. 536.  The government opposes the

19    motion.  ECF No. 553.

20              Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which became

21    effective November 1, 2014 and lowered by two points the base offense level for most drug

22    trafficking offenses.  The Amendment applies retroactively to defendants sentenced prior to its

23    effective date.  *See Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.

24    After consideration of the moving papers, the relevant parts of the record, and applicable legal

25    principles, the court denies defendant's motion.

26              On September 30, 2015, defendant pleaded guilty to conspiracy to manufacture at

27    
28    ─────────────────────
      [1] On July 19, 2016, the Office of the Federal Defender filed notice that it would not file a
      supplement to defendant's pro se motion.  *See* ECF No. 548.

1  least 100 marijuana plants and possession of a firearm in furtherance of that drug trafficking

2  crime.  ECF Nos. 476, 482.  Defendant's plea was in accordance with a Rule 11(c)(1)(C) plea

3  agreement.  ECF Nos. 476, 482.  On January 20, 2016, defendant was sentenced to a total of 144

4  months in prison.  ECF No. 121.

5          The authority of the district courts to modify a prison sentence is governed by

6  18 U.S.C. § 3582.  In relevant part, § 3582 provides:

> 7  (2) in the case of a defendant who has been sentenced to a term of
> 8  imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> 9  994(o), upon motion of the defendant . . ., the court may reduce the
> term of imprisonment, after considering the factors set forth in
> 10  section 3553(a) to the extent they are applicable, if such a reduction
> is consistent with applicable policy statements issued by the
> 11  Sentencing Commission.

12  18 U.S.C. § 3582(c)(2).

13          As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section

14  3582(c)(2) requires a two-step inquiry."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir.

15  2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).  "First, a district court must

16  determine whether a prisoner is eligible for a sentence modification under the Commission's

17  policy statement in U.S.S.G §1B1.10."  *Id.* (citing *Dillon*, 560 U.S. at 827).  This is done "by

18  '"determin[ing] the amended guideline range that would have been applicable to the defendant"

19  had the relevant amendment been in effect at the time of the initial sentencing.' *Dillon*, 130 S. Ct.

20  at 2691 (quoting §1B1.10(b)(1))."  *Dunn*, 728 F.3d at 1155 n.3.  Generally, §1B1.10 precludes

21  reduction of a term of imprisonment below the minimum of the amended guideline range.  *Id.*

22  However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range

23  for a defendant whose original sentence was below the applicable guideline range based on

24  substantial assistance to the government.[2]

25  _____

26  [2] U.S.S.G. § 1B1.10((b)(2)(B) (2014) provides:

> 27  (B)  Exception  for  Substantial  Assistance.—If  the  term  of
> imprisonment  imposed  was  less  than  the  term  of  imprisonment
> 28  provided  by  the  guideline  range  applicable  to  the  defendant  at  the
> time of sentencing pursuant to a government motion to reflect the

1    Assuming arguendo that defendant's Rule 11(c)(1)(C) plea agreement does not

2    preclude the court's exercise of jurisdiction over this motion, *see generally United States v.*

3    *Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc), defendant is not entitled to relief.  As noted

4    above, Amendment 782 became effective on November 1, 2014 and reduced by two points the

5    base offense level for most drug trafficking offenses.  Here, defendant's base offense level was

6    calculated using the 2015 United States Sentencing Guidelines Manual, which incorporated all

7    relevant guideline amendments, including the reduced base offense levels effected by

8    Amendment 782.  *See* PSR ¶ 27.[3]  *A fortiori*, Amendment 782 did not reduce defendant's

9    sentencing guideline range and his motion will be denied.

10    For the foregoing reasons, IT IS HEREBY ORDERED that defendant Martin

11    Garcia-Chavez's motion to reduce sentence, ECF No. 536, is denied.

12    DATED:  November 18, 2016.

14    UNITED STATES DISTRICT JUDGE

25    defendant's substantial assistance to authorities, a reduction
      comparably less than the amended guideline range determined
26    under subdivision (1) of this subsection may be appropriate.

27    [3] A copy of the final Presentence Investigation Report (PSR) prepared for defendant's
      sentence was filed under seal on November 25, 2015.  ECF No. 503.