UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-cr-00407-KJM-4 |
| Plaintiff/Respondent, | |
| v. | ORDER |
| MARTIN GARCIA-CHAVEZ, | |
| Defendant/Petitioner. | |

On September 30, 2015, defendant-petitioner Martin Garcia-Chavez pled guilty to two charges: Count 1 (conspiracy to manufacture at least 1,000 marijuana plants in violation of 21 U.S.C. §§ 846, 841(a)(1)), and Count 3 (possession and discharge of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i)). ECF Nos. 15, 476.

The court held a sentencing hearing on January 20, 2016, and sentenced Garcia-Chavez to 144 months in prison, with 84 months on Count 1 and 60 months on Count 3, to run consecutively. ECF No. 515. Because Garcia-Chavez was separately charged for possession of a firearm, the court did not apply a two-level enhancements for firearm possession in calculating the guidelines range for the drug charge. ECF No. 503 at 9 (sealed Presentence Investigation Report(PSR)); *see also* U.S.S.G. 2K2.4, cmt. 4 ("[i]f a sentence is imposed in conjunction with a sentence for an underlying offense characteristic for possession," a weapon enhancement is not

1

appropriate).  The court imposed the statutory minimum on the firearm possession charge without any enhancements, also as provided by the guidelines.  *See, e.g.*, ECF No. 503 at 19 (PSR's review of statutory provisions).[1]

Garcia-Chavez now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, contending his sentence, which flowed from a firearm possession charge, is unconstitutional under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).  Mot. at 1, ECF No. 542.[2]  For reasons explained below, the motion is DENIED.

I. DISCUSSION

*Johnson* held the residual clause of the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)(1)), imposing a minimum 15 year sentence for individuals with three or more prior "violent felony" convictions is unconstitutionally vague and violates due process.  *See Johnson*, 135 S. Ct. at 2557–60.  The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another."  *See id*. at 2557 ("violent felony" clause rendered unconstitutionally vague because it "leaves grave uncertainty about how to estimate the risk posed by a crime.").  The Supreme Court has made the *Johnson* decision retroactively applicable.  *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016).  As a result, *Johnson* applies to cases that have become final before the new rule was announced, including cases on collateral review.  *Id.* at 1268.

Garcia-Chavez's motion contends this court unconstitutionally applied an enhancement under the guidelines for possession of a firearm.  Mot. at 1.  The record belies this assertion, however, as the court did not apply an enhancement running afoul of *Johnson*.  Rather, the court imposed a sentence after a faithful application of other provisions of the United States

---

[1] The court also has reviewed the Statement of Reasons (SOR) it completed following sentencing, using AO Form 245B, in confirming the basis of the sentence.  The SOR as a matter of course is not filed on the public docket.

[2] Garcia's separate motion to vacate, set aside, or correct the same conviction, but on grounds of ineffective assistance of counsel rather than *Johnson*, remains pending.  *See* ECF No. 532 at 4.  The briefing schedule on the motion has been modified with moving papers now due, at the latest, in October 2017.  *See* ECF No. 576.

Sentencing Guidelines, and without referencing the ACCA. *See* ECF No. 503 at 9–10 (sealed presentence investigation report noting enhancement under § 2D1.1(b)(1) not applicable, while obstruction of justice enhancement applied based on § 3C1.2; firearm possession base offense level based solely on statutory penalties for a violation 18 U.S.C. § 924(c)). *Johnson* and its progeny thus have no effect on Garcia-Chavez's sentence. *See Barajas v. United States*, No. 13–0026, 2016 WL 4721481, at *2 (E.D. Cal. Sept. 8, 2016) (rejecting *Johnson* claim where no ACCA enhancement applied); *Rubino-Zamora v. United States*, 11–223, 2016 WL 4505750, at *2 (N.D. Tex. Aug. 29, 2016) (same); *United States v. Johnson*, No. 15–006, 2016 U.S. Dist. LEXIS 64137, *7–8, (D. Mont. May 16, 2016) (*Johnson* inapplicable to case when, *inter alia*, "[n]othing in this case involved a "residual clause" or a "crime of violence" under the ACCA). There are no grounds to reduce Garcia-Chavez's sentence based on the instant motion.

II. CONCLUSION

For the foregoing reasons, petitioner's motion is DENIED.

This order resolves ECF No. 542.

IT IS SO ORDERED.

DATED: August 28, 2017.

_____
UNITED STATES DISTRICT JUDGE