UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-cr-00407-KJM-4 |
| Plaintiff/Respondent, | <u>ORDER</u> |
| v. | |
| MARTIN GARCIA-CHAVEZ, | |
| Defendant/Petitioner. | |

On September 30, 2015, defendant-petitioner Martin Garcia-Chavez pled guilty to two charges: conspiracy to manufacture at least 1,000 marijuana plants in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count 1), and possession and discharge of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i)) (Count 3). Indictment 9, ECF No. 15; Minutes for Change of Plea Hearing ("Plea Hearing"), ECF No. 476. On January 20, 2016, the court sentenced him to 144 months in prison, with 84 months on Count 1 and 60 months on Count 3, to run consecutively. Minutes for Sentencing, ECF No. 515. Garcia-Chavez now moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, on the grounds that he did not validly forfeit his rights, because he was unable to understand the plea proceedings and he received ineffective assistance of counsel. Mot. to Vacate, Set Aside or Correct Sentence ("Motion"), ECF No. 532. For reasons explained below, the motion is DENIED.

/////

1

1    I.      BACKGROUND

2           On September 30, 2015, the court held a plea hearing. Transcript of Change of

3    Plea ("Transcript") 1, ECF No. 538. At the hearing, the court told defendant to ask questions or

4    take a break if at any point he did not understand the proceedings. *Id.* at 4. As required, Garcia-

5    Chavez was provided a Spanish interpreter who assisted him throughout the proceeding. *Id.* at

6    28. He pled subject to a negotiated plea deal. *Id.* at 11. The court asked defendant whether the

7    negotiated plea agreement provided to him was fully translated in advance and with sufficient

8    time to consider its contents; Garcia-Chavez answered yes. *Id.* at 5. The prosecutor and the court

9    both informed defendant, in plain language, that under the plea agreement he would waive his

10   rights to appeal, collaterally attack his sentence, and to file a motion to vacate the conviction or

11   sentence. *Id.* at 11, 19. Defendant stated he understood the waiver under the agreement and that

12   his plea was voluntary. *Id.* at 8, 19. After informing defendant of his constitutional rights and

13   asking for his plea whether guilty or not guilty, the court found Garcia-Chavez was fully

14   competent and capable of entering an informed plea, and his guilty plea was knowing and

15   voluntary. *Id.* at 26-27.

16   II.     LEGAL STANDARD

17          A federal prisoner making a collateral attack against the validity of his or her

18   conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

19   under 28 U.S.C. § 2255, filed in the court that imposed sentence. *Tripati v. Henman*, 843 F.2d

20   1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it

21   concludes that the prisoner was sentenced in violation of the Constitution or the laws of the

22   United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (citing 28 U.S.C.

23   § 2255). Relief is warranted only where a movant has shown "a fundamental defect which

24   inherently results in a complete miscarriage of justice . . . ." *Davis v. United States*, 417 U.S. 333,

25   346 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 429 (1962)).

26   III.    DISCUSSION

27          Garcia-Chavez challenges his conviction based on his guilty plea on two grounds.

28   First, he claims he invalidly forfeited his rights because of his "poor knowledge of English" and

1  because he misunderstood the plea proceedings.  Mot. 4-5.  Second, he claims he received

2  ineffective legal counsel, causing him to forfeit his rights and preventing him from qualifying for

3  a "Fast Track Program for Deportable Aliens."  *Id.*  As noted, however, as part of his plea deal,

4  Garcia-Chavez purportedly waived his right to challenge his conviction under § 2225.  As such,

5  before addressing the merits of Garcia-Chavez's motion, the court first addresses the threshold

6  question whether Garcia-Chavez validly waived his right to file a § 2225 motion challenging his

7  conviction.

8        A.      Whether Garcia-Chavez Validly Waived His Right to File a § 2255 Petition

9        In the Ninth Circuit, a defendant's knowing and voluntary waiver of his statutory

10  rights under § 2255 is enforceable against all non-waivable rights.  *See United States v. Abarca*,

11  985 F.2d 1012, 1013–14 (9th Cir. 1993).  A knowing and voluntary waiver of the right to

12  collateral attack in a negotiated plea agreement is enforceable in federal court unless the attack is

13  based on the violation of unwaivable rights.  *See United States v. McTiernan*, 552 F. App'x 749,

14  750 (9th Cir. 2014) (citing *Abarca*, 985 F.2d at 1014) (holding waiver of right to collateral attack

15  in plea agreement that was "unambiguously stated and knowingly and voluntarily made" was

16  "valid and enforceable"); *see also Middleton v. United States*, 46 F.3d 1143 (9th Cir. 1995)

17  (holding that, when movant waived his right to appeal any sentence issues, he did not waive his

18  right to collaterally attack his sentence with a § 2225 motion grounded in ineffective assistance of

19  counsel and involuntary plea).

20        A waiver of appellate rights "is enforceable if (1) the language of the waiver

21  encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and

22  voluntarily made. *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016), *cert. denied*, 138 S. Ct.

23  354 (2017) (quoting *United States v. Medina–Carrasco*, 815 F.3d 457, 461 (9th Cir. 2016)). In

24  determining whether a waiver was knowingly and voluntarily made, courts consider the

25  "circumstances surrounding the signing and entry of the plea agreement . . . ."  *Id.* (quoting

26  *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996).  Garcia-Chavez challenges his

27  waiver on the basis that his "poor knowledge of English" caused him to misunderstand the plea

28  proceeding and invalidly forfeit his rights.  Mot. 4-5.  As to the first step, the language of the

1 waiver expressly included the right to appeal and to bring a motion under § 2255. Tr. 8, 19.

2 Therefore, the court addresses the second step.

3 Here, the record reflects that Garcia-Chavez sufficiently understood the

4 proceedings to knowingly and voluntarily waive his rights. Nothing in the record raises any

5 question about defendant's ability to understand the proceedings, notwithstanding his limited

6 understanding of English. He was given every opportunity to ask for clarification from the court

7 if he did not understand. Tr. 4. Garcia-Chavez's attorney stated they were assisted "quite

8 capably" with a previously-sworn Spanish interpreter throughout the entirety of the plea

9 proceedings. *Id.* at 28. Garcia-Chavez confirmed he understood the charges, which his attorney

10 explained to him through the interpreter. *Id.* at 7. The plea agreement had been translated in full

11 for Garcia-Chavez prior to the hearing and he confirmed he had time to consider it before signing

12 it. *Id.* at 5. Defendant stated he understood that under the plea agreement he waived his right to

13 appeal and to file a motion to vacate or reduce his sentence, and expressly stated his plea was

14 voluntary. *Id.* at 8, 19. These statements made in open court carry great weight. *See, e.g.*, *Chizen*

15 *v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) ("Statements made by a criminal defendant

16 contemporaneously with his plea should be accorded great weight.") (citation omitted).

17 Accordingly, the court finds that Garcia-Chavez knowingly and voluntarily waived

18 his statutory rights to appeal and to bring a motion under § 2255.

19     B.    Ineffective Assistance of Counsel Claim

20 Even if a waiver of the right to collaterally attack a sentence is otherwise

21 enforceable, the Ninth Circuit has left open the possibility that a defendant may move for relief

22 under 28 U.S.C. § 2255 if he was induced to accept a plea deal due to ineffective assistance of

23 counsel. *See Middleton v. United States*, 46 F.3d 1143 (9th Cir. 1995) ("We conclude that

24 [appellant] did not waive his right to collaterally attack his sentence with a section 2255 motion

25 grounded in ineffective assistance of counsel and involuntary plea."); *United States v. Abarca*,

26 985 F.2d 1012, 1014 (9th Cir. 1993) (leaving open possibility of bringing ineffective assistance of

27 counsel claim even where plea deal waived § 2255 rights). Assuming that Garcia-Chavez's

28 ineffective assistance of counsel claims are not barred by his waiver of his right to collaterally

4

1  attack his sentence, the court addresses his claims on the merits.  For the reasons below, the court

2  finds that Garcia-Chavez's ineffective assistance of counsel claims fail on the merits.

3  To successfully set aside or vacate his conviction and sentence based on

4  ineffective assistance of counsel, Garcia-Chavez must satisfy *Strickland's* two-pronged test by

5  showing (1) objectively unreasonable performance by his counsel and (2) prejudice caused by

6  counsel's error.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Torrey v.*

7  *Estelle*, 842 F.2d 234, 237 (9th Cir. 1988) (applying *Strickland* to habeas proceeding involving

8  collateral consequences of plea).

9  *Strickland's* first prong, which asks whether counsel's representation "fell below

10  an objective standard of reasonableness," is assessed using "prevailing professional norms" of the

11  legal community, as reflected in "American Bar Association standards and the like . . . ."

12  *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (citing *Strickland*, 466 U.S. at 688) (internal

13  quotation marks omitted).  *Strickland's* second prong asks whether "there is a reasonable

14  probability that, but for counsel's unprofessional errors, the result of the proceeding would have

15  been different."  *Strickland*, 466 U.S. at 694.  This two-factor test is demanding.  *Padilla*, 559

16  U.S. at 371 ("Surmounting *Strickland's* high bar is never an easy task.") (citations omitted);

17  *Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly

18  deferential.").  The court may analyze these prongs in any order.  *Strickland*, 466 U.S. at 697

19  ("[A] court need not determine whether counsel's performance was deficient before examining

20  the prejudice suffered by the defendant as a result of the alleged deficiencies.").  However

21  analyzed, Garcia-Chavez's claims do not meet *Strickland*'s high bar.

22          1.     Forfeiting his Appeal Rights

23  Garcia-Chavez contends he "received very poor legal advice" from his counsel to

24  forfeit his right to appeal.  Mot. 4-5.  Although the reasonableness of counsel's actions is

25  analyzed on a case by case basis, advice to accept a waiver of appeal in a negotiated plea deal

26  typically does not fall below an objective standard of reasonableness to satisfy *Strickland's* first

27  prong. *United States v. Jimenez-Coloma*, No. CR 04-894-PHX-MHM, 2006 WL 2841408, at *5

28  (D. Ariz. Sept. 24, 2006) (not unreasonable for counsel to recommend accepting an appeal waiver

1  in a plea agreement).  Such waivers are frequently included in plea deals and are supported by

2  public policy considerations.  *See United States v. Littlefield*, 105 F.3d 527, 530 (9th Cir. 1997)

3  ("We have repeatedly noted that public policy strongly supports plea agreements that include an

4  appeal waiver.") (citations omitted).  For instance, waivers of appeal rights "serve[] an important

5  function in the judicial administrative process by preserv[ing] the finality of judgments and

6  sentences," *Baramdyka*, 95 F.3d at 843 (internal quotation marks and citation omitted), and

7  benefit defendants in that they obtain lower sentences in exchange for the waivers, *see Tovar v.*

8  *United States,* No. 09-CR-3277 BEN, 2013 WL 5564187, at *1 (S.D. Cal. Oct. 7, 2013) (in

9  exchange for waiver the "defendant gets a lower sentencing recommendation and the court is

10  more willing to agree to a lower sentence than would be the case absent the waivers").

11              Here, Garcia-Chavez accepted a deal to plead guilty in exchange for a shorter

12  sentence.  Tr. 10.  On Count 1 alone, conspiracy to manufacture, Garcia-Chavez faced a possible

13  life sentence.  *Id.* at 13; Indictment at 9.  Under the negotiated plea agreement, the government

14  agreed to support a sentence between twelve and fifteen years.  Tr. at 8.  Because the plea deal

15  gave Garcia-Chavez a more favorable sentence than he faced taking the case to trial, counsel's

16  advice to Garcia-Chavez to waive his appeal rights through the negotiated plea deal was not

17  objectively unreasonable.

18                    2.        Immigrant "Fast Track" Program

19              Garcia-Chavez next contends he "could have qualified for the Fast Track

20  Deportation Program for Deportable Aliens," and, because his counsel did not obtain the program

21  for him, he received ineffective assistance of counsel.  Mot. at 4-5.  This ineffective assistance of

22  counsel claim does not meet *Strickland*'s second prong, because Garcia-Chavez cannot show that

23  counsel's actions caused him prejudice.

24              The fast-track program was created by the federal government and implemented

25  by U.S. Attorneys in response to a rising number of illegal entry cases and drug offenses by

26  noncitizens.  *Id.*; *see also* Memorandum from James M. Cole, Att'y Gen., U.S. Dep't of Justice,

27  *Department Policy on Early Disposition or "Fast -Track" Programs* (Jan. 31, 2012),

28  https://www.justice.gov/sites/default/files/dag/legacy/2012/01/31/fast-track-program.pdf.  The

policy allows U.S. Attorneys to offer a downward departure to achieve a lower base offense level for a defendant who promptly enters into a plea agreement with the government and agrees to waive appeal and other rights. *United States v. Marcial-Santiago*, 447 F.3d 715, 718 (9th Cir. 2006).

On this argument, Garcia-Chavez is unable to meet his burden of showing prejudice under *Strickland*. *Strickland*, 466 U.S. at 694. He provides no evidence that he would have obtained the fast-track program even if his counsel had requested it, or that the result of the proceeding would have been different. To establish prejudice, Garcia-Chavez must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This standard "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (internal quotation marks and citation omitted). Garcia-Chavez must present evidence that he would have obtained a fast-track plea agreement. *United States v. Rodriguez-Rios*, No. CR-08-1442-PHX-SRB, 2012 WL 4086518, at *5 (D. Ariz. July 23, 2012), *adopted by* No. CR08-1442-PHX-SRB, 2012 WL 4086515 (D. Ariz. Sept. 17, 2012) (denying petitioner's ineffective assistance claim because of lack evidence that the "fast-track" plea agreement was available to him); *cf. United States v. Toro*, No. 16-CV-02538-LHK,12-CR-00670-LHK, 2016 WL 4702747, at *9 (N.D. Cal. Sept. 8, 2016) (denying petitioner's ineffective assistance of counsel claim based on lack of evidence that defendant was eligible for the fast-track program or that it would have helped him". (citation omitted)). Without evidence that the government would have offered him a fast-track plea agreement and the result would have been different, this claim does not overcome the heavy burden of *Strickland*.

IV.    CERTIFICATE OF APPEALABILITY

No certificate of appealability will issue. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has instructed that a petitioner must show "reasonable jurists could debate whether . . . the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Garcia-Chavez has made neither showing. 28 U.S.C. § 2253(c)(2). No reasonable jury would find this court's assessment of his claims debatable or wrong.

V.    CONCLUSION

The court denies Garcia-Chavez's § 2255 petition to vacate or reduce his sentence.

IT IS SO ORDERED.

DATED:  October 9, 2018.

_____
UNITED STATES DISTRICT JUDGE